STATE OF NORTH CAROLINA v. EDDISON STICKNEY

No. 7418SC821

(Filed 4 December 1974)

Robbery § 4— armed robbery — sufficiency of evidence

 Evidence in an armed robbery case was sufficient to be submitted to the jury where it tended to show that defendant entered a grocery store, purchased a drink and looked at a ring before leaving the store, defendant returned fifteen minutes later and asked for the ring, as the store employee was figuring the tax on the ring, defendant pointed a pistol at her and demanded money, fingerprints on the drink bottle which defendant had handled matched those of defendant, and the employee identified defendant as the one who had robbed her from photographs about a month later, though she had been unable to identify him when he was brought to the store immediately after the robbery.

APPEAL by defendant from *Long, Judge,* 6 May 1974 Session of GUILFORD County Superior Court. Heard in the Court of Appeals 19 November 1974.

Defendant was charged in a proper bill of indictment with armed robbery under G.S. 14-87. He pleaded not guilty.

The State offered evidence showing that the defendant entered the MA-JIK Market in Greensboro on 13 February 1974. He bought a Brownie Chocolate soft drink but decided to exchange it for a Coke. It was established he handled both drinks, replacing the chocolate drink in the cooler in such a way that an employee of the market could identify which one it was. He then drank the Coke, leaving the bottle in front of the cash

State v. Stickney

register. The defendant then asked to look at some rings and tried on one. He stated that he would be back later to get the ring and left.

Approximately fifteen minutes later, he returned and asked for the ring. As the employee was figuring the tax on the ring, the defendant pointed a pistol at her and told her to give him all the money. After she put the money and the ring in a bag, he left.

The employee identified the defendant at trial as the same person who had robbed her. She also testified that immediately after the robbery the defendant was brought to the store for an identification, but she was unable to say for sure at that time that it was the defendant who had committed the robbery. A month after the robbery, she positively identified the defendant as the robber from a series of photographs.

The State also established that prints taken off the drink containers handled by the robber were the same as those taken from the defendant when he was arrested and booked. After the State rested, the defendant's motion for judgment as of nonsuit was denied.

The defendant then took the stand in his own behalf and denied having committed the robbery. After all the evidence, the defendant's motion for judgment as of nonsuit was again denied, and the case was submitted to the jury.

The jury returned a verdict of guilty as charged in the bill of indictment, and the defendant moved to set aside the verdict as it was against the greater weight of the evidence. Judgment was entered upon the verdict and from a sentence of not less than ten nor more than twelve years, the defendant appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Alfred N. Salley for the State.*

*Percy L. Wall for the defendant appellant.*

CAMPBELL, Judge.

The appellant's case on appeal was not docketed within the ninety-day period as required in Court of Appeals Rule 5. We will nevertheless treat the appeal as a petition for a writ of certiorari and grant the appellant a review of his case.

The appellant contends that the trial court erred in denying his motions for judgment as of nonsuit. He argues that the case should not have been submitted to the jury because the evidence was insufficient as a matter of law to prove that it was the defendant who committed the crime. Specifically, he asserts that the employee who identified the defendant as the robber was unsure of that identification immediately after the robbery. However, taking the evidence in the light most favorable to the State and giving that evidence every reasonable intendment to be drawn therefrom, we find that there was more than ample evidence that the defendant was the robber. The case was properly submitted to the jury.

The appellant's only other assignment of error was the trial court's denial of the defendant's motion for judgment n.o.v. In view of the foregoing, we find no merit in this contention.

Consequently, we find no error in the trial below.

No error.

Judges MORRIS and VAUGHN concur.